UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Keith Milikin Snyder<br><br>Emily Rose Lyons<br><br>DEBTOR(S)<br><br>Address: 2171 Blakers Blvd, Okatie, SC 29909<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 7206<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 6810 | CASE NO: 20-02512<br><br>CHAPTER 13 |

**NOTICE OF OPPORTUNITY TO OBJECT**

The debtor(s) in the above captioned case filed a chapter 13 plan on July 28, 2020. The plan is attached.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

| | |
|---|---|
| Date: July 28, 2020 | /s/ Eric S. Reed<br>Eric S. Reed<br>Reed Law Firm, P.A.<br>Attorney for Movant/Movant<br>D.C. ID # 7242<br>220 Stoneridge Drive, Ste 301<br>Columbia, SC 29201<br>(803) 726-4888 |

- 1 -

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Keith Milikin Snyder** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Emily Rose Lyons** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | **20-02512** | |
| (If known) | | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
☐ Post-confirmation modification
**4.4, 6.1**

District of South Carolina
# Chapter 13 Plan
5/19

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$565.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Keith Milikin Snyder** | Case number | **20-02512** |
|---|---|---|---|
| | **Emily Rose Lyons** | | |

**2.2**     **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- [✓] The debtor will make payments pursuant to a payroll deduction order.
- [ ] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- [✓] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1**     **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- [✓] **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2**     **Request for valuation of security and modification of undersecured claims.** *Check one.*

- [ ] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- [✓] The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Debtor | **Keith Milikin Snyder** <br> **Emily Rose Lyons** | | | | | | Case number | **20-02512** |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| **Rent A Center** | $4,004.49 | Bedroom and Livingroom Set | $1,500.00 | $0.00 | $1,500.00 | 5.75% | $29.00 (or more) |

*Insert additional claims as needed.*

**3.3**     **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **TitleMax** | 2014 Hyundai Elantra | $9,917.00 | 5.75% | $191.00 (or more) |

Disbursed by:
☑ Trustee
☐ Debtor

*Insert additional claims as needed.*

**3.4**     **Lien avoidance**.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5**     **Surrender of collateral.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:**     **Treatment of Fees and Priority Claims**

**4.1**     **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**     **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

| Debtor | **Keith Milikin Snyder** | Case number | **20-02512** |
|---|---|---|---|
| | **Emily Rose Lyons** | | |

**4.3**     **Attorney's fees.**

      a.     The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

      b.     If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐     **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

      a.     Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to Georgia Department of Human Resources (Pamela Snyder), at the rate of $ **166.00** or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

      b.     The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

      c.     Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:**     **Treatment of Nonpriority Unsecured Claims**

**5.1**     **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑     The debtor estimates payments of less than 100% of claims.
☐     The debtor proposes payment of 100% of claims.
☐     The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**     **Other separately classified nonpriority unsecured claims.** *Check one*.

| Debtor | **Keith Milikin Snyder** | Case number | **20-02512** |
|---|---|---|---|
| | **Emily Rose Lyons** | | |

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:   Executory Contracts and Unexpired Leases**

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **Patrick Arner** | **Residence** | **$1,800.00** | **$0.00** | **N/A** |
| | | | | (or more) |

*Insert additional claims as needed.*

**Part 7:   Vesting of Property of the Estate**

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

**Part 8:   Nonstandard Plan Provisions**

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

8.1 (a) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§542,543,544,547 and 548. The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.
Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

**Part 9:   Signatures:**

**9.1** **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

District of South Carolina

Effective May 1, 2019                                   Chapter 13 Plan                                                   Page 5

| Debtor | **Keith Milikin Snyder** | Case number | **20-02512** |
|---|---|---|---|
| | **Emily Rose Lyons** | | |

X  **/s/ Keith Milikin Snyder**  
    **Keith Milikin Snyder**  
    Signature of Debtor 1

X  **/s/ Emily Rose Lyons**  
    **Emily Rose Lyons**  
    Signature of Debtor 2

Executed on    **July  6, 2020**

Executed on    **July  6, 2020**

X  **/s/ Eric S. Reed**  
    **Eric S. Reed 7242**  
    Signature of Attorney for debtor  DCID#

Date    **July 6, 2020**

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
### District of South Carolina

In re: **Keith Milikin Snyder, Emily Rose Lyons**, Debtor(s)

Case No. **20-02512**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 28, 2020**, a copy of **Notice of Opportunity to Object and Amended Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

See attached mailing matrix.

/s/ Eric S. Reed
**Eric S. Reed 7242**
**Reed Law Firm, P.A.**
**220 Stoneridge Drive, Ste 301**
**Columbia, SC 29210**
**803-726-4888 Fax: 803-726-4887**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 20-02512-jw<br>District of South Carolina<br>Charleston<br>Tue Jul 28 10:40:46 EDT 2020 | ACS Primary Care Physicians SE, PC<br>PO Box 1123<br>Minneapolis, MN 55440-1123 | ATTORNEY GENERAL OF THE UNITED STATES<br>DEPT OF JUSTICE ROOM 5111<br>10TH AND CONSTITUTION AVENUE NW<br>Washington DC 20530-0001 |
| Aargon Collection Agen<br>3025 W Sahara<br>Las Vegas NV 89102-6094 | (p)AMERICOLLECT INC<br>PO BOX 2080<br>MANITOWOC WI 54221-2080 | Atlantic Radiology Assoc LLC<br>PO Box 347226<br>Miami FL 33234-7226 |
| Auto Owners Insurance<br>PO Box 740312<br>Cincinnati OH 45274-0312 | Beaufort County<br>PO Box 487<br>Beaufort SC 29901-0487 | Brave Tomorrow Counseling & Consulting<br>337 S. Walnut St<br>Statesboro GA 30458-5418 |
| Brian Wolfe<br>4111 River Road Sidney<br>OH 45365-8157 | Bulloch County DFCS<br>41 Pulaski Road<br>Statesboro GA 30458-8686 | (p)CAINE & WEINER COMPANY<br>12005 FORD ROAD 300<br>DALLAS TX 75234-7262 |
| Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Capital One Bank Usa N<br>Po Box 30281<br>Salt Lake City UT 84130-0281 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 | Cbe Group<br>131 Tower Park Drive Suite 100<br>Waterloo IA 50701-9374 | Child Support Enforcement<br>Department of Human Resources<br>PO Box 38050<br>Atlanta GA 30334 |
| Choice Recovery<br>1105 Schrock Road<br>Columbus OH 43229-1168 | Choicerecov<br>1105 Schrock Road<br>Columbus OH 43229-1146 | Citi Financial<br>PO Box 70166<br>Philadelphia PA 19176-0166 |
| Coast To Coast Financi<br>101 Hodencamp Rd<br>Thousand Oaks CA 91360-5831 | Coastal Carolina Hospital<br>PO Box 741261<br>Atlanta GA 30374-1261 | Core Cr Un<br>Po Box 1987<br>Statesboro GA 30459-1987 |
| Dba Paragon Revenue Gr<br>P O Box 127<br>Concord NC 28026-0127 | Department of Human Resources<br>2 Peachtree Street, N.W.<br>Atlanta GA 30303-3109 | Dept Of Ed/navient<br>Po Box 9635<br>Wilkes Barre PA 18773-9635 |
| Deptednelnet<br>Po Box 82561<br>Lincoln NE 68501-2561 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany Ohio 43054-3025 | Discover Fin Svcs Llc<br>Pob 15316<br>Wilmington DE 19850-5316 |

| | | |
|---|---|---|
| Doctors Care<br>PO Box 63418<br>Charlotte NC 28263-3418 | Donegal Ins Group<br>PO Box 1279<br>Glen Allen VA 23060-1279 | East Georgia Regional Medical Center<br>PO Box 405998<br>Atlanta GA 30384-5900 |
| Elizabeth Branch<br>217 Savannah Ave<br>Statesboro GA 30458-2001 | Eric R. Nordman<br>96 East College Ave, Ste. A<br>Westerville, OH 43081-1645 | (p)PERI GARITE<br>ATTN CARD WORKS<br>101 CROSSWAYS PARK DR W<br>WOODBURY NY 11797-2020 |
| Fnb Omaha<br>P.o. Box 3412<br>Omaha NE 68197-0001 | Fox Hills Cash<br>PO Box 196<br>Batesland SD 57716-0196 | Georgia Department of Human Services<br>125 East Church St.<br>Suite B<br>Sandersville, GA 31082-2429 |
| Georgia Power<br>96 Annex<br>Atlanta GA 30396-0002 | Hilton Head Emergency Physicians, LLC<br>PO Box 1123<br>Minneapolis, MN 55440-1123 | Hilton Head Regional Healthcare<br>PO Box 741204<br>Atlanta GA 30374-1204 |
| Hilton Head Regional Physician Network<br>PO Box 14000<br>Belfast ME 04915-4033 | I.c. System, Inc<br>Po Box 64378<br>Saint Paul MN 55164-0378 | IRS<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Jennifer Mock<br>326 S Main St<br>Statesboro GA 30458-0714 | Knox Community Hospital<br>1330 Coshocton Ave<br>Mount Vernon OH 43050-1495 |
| Kohls/capone<br>Po Box 3115<br>Milwaukee WI 53201-3115 | KwikCash<br>9150 Irvine Center Road<br>Irvine CA 92618-4659 | LCA Collections<br>PO Box 2240<br>Burlington NC 27216-2240 |
| LabCorp<br>PO Box 2240<br>Burlington NC 27216-2240 | Emily Rose Lyons<br>2171 Blakers Blvd<br>Okatie, SC 29909-7806 | Massey's<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 |
| Memorial Health Univ<br>PO Box 848<br>Brentwood TN 37024-0848 | Muskingum University<br>163 Stormont St<br>New Concord OH 43762-1118 | National Credit Adjust<br>P.o. Box 550<br>Hutchinson KS 67504-0550 |
| OneMain Financial<br>PO Box 3251<br>Evansville, IN 47731-3251 | Onemain<br>Po Box 1010<br>Evansville IN 47706-1010 | (p)PNC BANK<br>500 FIRST AVE P7-PFSC-02-F<br>PITTSBURGH PA 15219-3129 |

| | | |
|---|---|---|
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Pamela Snyder<br>1413 Orange Street<br>Vidalia GA 30474-5915 | Patrick Arner<br>457 Hulston Landing Road<br>Okatie, SC 29909-7873 |
| Professional Pathology<br>5700 Southwyck Blvd<br>Toledo OH 43614-1509 | Psg<br>6602 Abercorn Street<br>Savannah GA 31405-5848 | Radius Global Solution<br>9550 Regency Square<br>Jacksonville FL 32225-8169 |
| Receivable Solutions I<br>800 Dutch Square Blvd<br>Columbia SC 29210-7317 | Eric S Reed<br>Reed Law Firm, PA<br>220 Stoneridge Dr., Suite 301<br>Columbia, SC 29210-8018 | Rent A Center<br>330 Robert Smalls Pkwy<br>Beaufort SC 29906-4240 |
| Riverside Radio<br>1105 Schrock Road<br>Columbus OH 43229-1146 | SC DEPARTMENT OF REVENUE<br>PO BOX 12265<br>Columbia SC 29211-2265 | (p)SC DEPARTMENT OF EMPLOYMENT AND WORKFORCE<br>PO BOX 8597<br>COLUMBIA SC 29202-8597 |
| Seventh Avenue<br>1112 7th Ave<br>Monroe WI 53566-1364 | Keith Milikin Snyder<br>2171 Blakers Blvd<br>Okatie, SC 29909-7806 | St. Joseph's Candler Urgent Care<br>Dept 3887<br>PO Box 123887<br>Dallas TX 75312-3887 |
| Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Terminix<br>PO Box 742592<br>Cincinnati OH 45274-2592 | The Huntington National Bank<br>PO BOX 89424<br>Cleveland, OH 44101-6424 |
| Tidewatch Emer Dept<br>Alcoa Billing Center<br>3429 Regal Dr<br>Alcoa TN 37701-3265 | TitleMax<br>1294 Fording Island Road<br>Bluffton SC 29910-6523 | TitleMax<br>5507 Abercron St<br>Savannah GA 31405-6912 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | U S Dept Of Ed/Gsl/Atl<br>Po Box 5609<br>Greenville TX 75403-5609 | US ATTORNEYS OFFICE<br>JOHN DOUGLAS BARNETT ESQ<br>1441 MAIN STREET<br>STE 500<br>Columbia SC 29201-2897 |
| Urological Assoc of Savannah<br>PO Box 14459<br>Savannah GA 31416-1459 | Verizon Wireless<br>500 Technology Dr, Ste 550<br>Weldon Spring, MO 63304-2225 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Americollect Inc<br>1851 S Alverno Road<br>Manitowoc WI 54221 | Caine & Weiner<br>Po Box 55848<br>Sherman Oaks CA 91413 | First National Bank of Omaha<br>1620 Dodge St Stop Code 3129<br>Omaha Ne 68197 |
| Jefferson Capital Syst<br>16 Mcleland Rd<br>Saint Cloud MN 56303 | (d)Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | PNC Bank<br>500 First Ave<br>Pittsburgh PA 15219 |
| SC EMPLOYMENT SECURITY COMMISION<br>PO BOX 995<br>Columbia SC 29202 | End of Label Matrix<br>Mailable recipients   86<br>Bypassed recipients    0<br>Total                 86 | |